NOT DESIGNATED FOR PUBLICATION

No. 114,037

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF DODGE CITY,
*Appellee*,

v.

SHAUN BARRETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; DANIEL E. LOVE, judge. Opinion filed March 2, 2018.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Mark A. Cowell*, city prosecutor, for appellee.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for amicus
curiae State of Kansas.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Shaun Barrett appeals his conviction for driving under the influence
of alcohol. At issue is whether his breath test was constitutional under the search-
incident-to-arrest exception to the search warrant requirement of the Fourth Amendment
to the United States Constitution after *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017)
(*Nece II*). We hold that the breath test was a permissible search incident to arrest. We also
hold the breath test was admissible under the good-faith exception to the exclusionary
rule.

1

On August 30, 2013, a Dodge City police officer responded to a report of a car stolen from the Bad Habits bar in Dodge City. The reporting party was Barrett. While en route, officers saw the car that was reported stolen by Barrett had been involved in an accident. Officers then talked with Barrett at his residence. Barrett admitted to drinking at Bad Habits for about 30 minutes. He ultimately admitted that the car had not been stolen and he had been driving it at the time of the accident. Barrett indicated that the last time he consumed any alcohol was approximately 30 minutes prior to the accident. Officers noticed several indications of alcohol consumption, including the odor of alcoholic beverage from his person and bloodshot eyes. The officers began a driving under the influence of alcohol investigation.

After concluding that they had probable cause, they arrested him for driving under the influence. They took him to the law enforcement center where they used the DC-70 form to give him the oral and written notices required by the Kansas implied-consent law. Barrett agreed to a breath test. Under the implied-consent law, an individual's consent to the testing of his or her blood, breath, urine, or other bodily substances for alcohol content is implied under certain circumstances if the individual operates or attempts to operate a vehicle in Kansas. See K.S.A. 2016 Supp. 8-1001. In turn, K.S.A. 2016 Supp. 8-1025 made it a crime for an individual to withdraw that implied consent by refusing the test.

The breath test result was above the legal limit and was obtained within three hours of when Barrett drove his car. The City of Dodge City charged Barrett with driving under the influence of alcohol in violation of § 30(a)(2), or in the alternative (a)(3), of the Standard Traffic Ordinance—his second DUI and a class A misdemeanor. Appealing to the district court, he filed a motion to suppress the breath test result contending that his consent was coerced and involuntary and the breath test was an unreasonable search in violation of the Fourth Amendment to the United States Constitution. The district court

2

denied the motion to suppress and found Barrett guilty on stipulated facts. The court sentenced Barrett to 12 months' probation. He appealed to this court.

While this appeal was pending, the Kansas Supreme Court struck down portions of the Kansas implied-consent law. The court held that K.S.A. 2014 Supp. 8-1025 was facially unconstitutional because punishing an individual for withdrawing his or her consent to search violated the fundamental right to be free from an unreasonable search. Further, it was not narrowly tailored to serve the State's interests. *State v. Ryce*, 303 Kan. 899, Syl. ¶¶ 9, 12, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*). On the same day, our Supreme Court affirmed the suppression of a defendant's breath-alcohol test result in a case similar to this one. The court determined the test resulted from involuntary consent because under the Kansas implied-consent law, the defendant was informed that she might be charged with a separate crime for refusing to submit to a breath-alcohol test and, in light of *Ryce I*, the State could not have constitutionally imposed criminal penalties if the defendant refused the test. Therefore, the defendant's consent was obtained by means of an inaccurate and coercive advisement. *State v. Nece*, 303 Kan. 888, 889, 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*).

Shortly thereafter, the United States Supreme Court went further and held in a similar case that drivers cannot be deemed to have consented to a blood-alcohol content test on the threat of a charge of a criminal offense for refusal. But the Court held that warrantless *breath* tests are permitted under another exception to the warrant requirement—as a search incident to arrest. *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016).

After *Birchfield*, the Kansas Supreme Court reheard and reaffirmed *Ryce I* and *Nece I*. The court modified its *Ryce I* decision "to reflect the validity of conducting a *breath* test in a DUI case where an arrest is made under the warrant exception of a search

3

incident to lawful arrest," but the court reaffirmed its original holding that K.S.A. 2016 Supp. 8-1025 was unconstitutional based on its interpretation of the Kansas statute. *Ryce II*, 306 Kan. at 693, 698-99. In *Nece II*, the court reaffirmed that Nece's consent to the warrantless breath test was involuntary. But the court did not further analyze whether the search was lawful under the search-incident-to-arrest exception to the warrant requirement. 306 Kan. at 680-81.

The State submitted an amicus brief addressing *Nece I*, *Nece II*, and *Birchfield*, and we permitted Barrett to respond. The State argues that the warrantless breath test in this case was constitutionally permissible as a search incident to arrest and, alternatively, that the exclusionary rule should not be applied because the officer acted in good-faith reliance on the Kansas statute when advising Barrett that he might be charged with a separate crime for refusing the breath test. Barrett did not respond to the State's argument that the breath test was a lawful search incident to arrest. Instead, he argues that the good-faith exception cannot be raised for the first time on appeal and it does not apply under these circumstances, anyway.

In its present factual and legal posture, this case presents precisely the same controlling issues that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶¶ 5-6 (No. 112,449, this day decided). We find the reasoning and result in *Perkins* persuasive. Therefore, we affirm the district court's denial of Barrett's motion to suppress because the breathalyzer test was a constitutionally proper warrantless search incident to his arrest and, alternatively, the arresting officer relied in good faith on K.S.A. 2013 Supp. 8-1025, before it was declared unconstitutional, to inform Barrett about the legal consequences of declining to take the test.

The district court was correct to deny Barrett's motion to suppress, albeit for the wrong reason. If a district court reaches the correct result, its decision may be upheld even though it relied upon the wrong ground. *State v. Overman*, 301 Kan. 704, 712, 348

4

P.3d 516 (2015). The breath test here was constitutional as a search incident to arrest. Alternatively, the breath test result was admissible under the good-faith exception to the exclusionary rule.

Barrett's conviction is affirmed.

* * *

ATCHESON, J., concurring:  For the reasons set out in my concurring opinion in *State v. Perkins*, 55 Kan. App. 2d ___, slip op. at 14-19 (No. 112,449, this day decided) (Atcheson, J., concurring), I would affirm the Ford County District Court's ruling on the motion to suppress based solely on the good-faith exception to the exclusionary rule applicable to violations of the Fourth Amendment to the United States Constitution. That alone is sufficient to uphold the district court in all respects.